IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HERIBERTO BARRAZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-00685-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Heriberto Barraza ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434 and 1381-1385. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments that included multiple sclerosis, a remote left ankle fracture, degenerative joint disease of the ankle, obesity anxiety, panic disorder, and depression. However, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform other work as a marketing clerk, shipping weigher, and routing clerk.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's decision is supported by substantial evidence. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application on May 30, 2014, alleging a disability onset date of December 31, 2008. The Commissioner denied the application at the initial claim level, and Plaintiff appealed

the denial to an ALJ. The ALJ held a hearing, and on May 4, 2016, found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review on July 10, 2017. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

2

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred because: (1) the ALJ's RFC is not supported by substantial evidence, and (2) the ALJ's erred in finding that Plaintiff could perform other work. After reviewing the record and the applicable law, the Court finds these arguments are without merit.

**I.      The ALJ's RFC finding is supported by substantial evidence.**

Plaintiff argues that the ALJ's RFC is not supported by substantial evidence. An RFC is the most a claimant can do despite the combined effect of all credible limitations. *See* 20 C.F.R. § 404.1545(a)(1). The claimant has the burden to prove the RFC at step four of the sequential evaluation process. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An ALJ develops the RFC based on all relevant evidence of record, including the claimant's subjective statements about his limitations as well as medical opinion evidence. *See Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2015). An ALJ must consider the claimant's allegations to assess the claimant's RFC, and must give good reasons if she questions the claimant's allegations. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1983).

Here, the ALJ found Plaintiff retained the RFC to:

> [Lift] and carry 10 pounds frequently and 20 pounds occasionally, stand or walk six hours out of an eight-hour workday, and sit six hours out of an eight-hour workday. Alternate between sitting and standing every 30 minutes without leaving the workstation. Occasionally climb ramps and stairs but never climb ropes, ladders, or scaffolds or balance. Occasionally stoop, kneel, crouch, and crawl, and avoid excessive vibration, operational control of moving machinery, unprotected heights and /or hazardous machinery. Perform simple, routine, and repetitive tasks, which may require detailed instructions, but do not involve complex tasks, and no work with the public. Occasional interaction with co-workers.

Plaintiff argues that the ALJ improperly weighed the opinion of the state agency psychologist, Martin Isenberg, Ph.D. The ALJ determines the weight each opinion is due. *See Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). The ALJ considers the medical opinions together with the rest of the relevant evidence in determining disability. *See* 20 C.F.R. §§ 404.1527 and 416.927. While the ALJ considers medical evidence from a claimant's doctors, he remains the ultimate arbiter of the RFC. See 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (medical sources may be used to "provide evidence" regarding several factors including RFC, but "final responsibility for deciding these issues is reserved to the Commissioner").

Here, Plaintiff argues that the ALJ should have included limitations to his interactions with supervisors and co-workers, in accordance with Dr. Isenberg's opinion. R. at 85. The ALJ did limit Plaintiff to occasional interaction with co-workers. R. at 19. With respect to Plaintiff's interaction with supervisors, the ALJ reviewed the record found little evidentiary support for Dr. Isenberg's opinion that Plaintiff had problems interacting with supervisors. Plaintiff said that he respected authority, R. at 17, and his treatment records showed that he was cooperative with his treating physicians. R. at 264, 349, 357. Considering all of the record evidence, the ALJ's RFC limiting Plaintiff to occasional interaction with co-workers sufficiently accounted for Dr. Isenberg's opinion and the rest of the relevant evidence. *See* 20 C.F.R. §§ 404.1527.

Plaintiff believes that the ALJ did not attribute specific limitations to his obesity. But the ALJ is not required to attribute specific limitations to a specific impairment. *See Cross v. Berryhill*, No. 4:16-cv-00679, 2017 WL 4645473, at *7 (W.D. Mo. Feb. 3, 2017). The ALJ was not required to attribute specific limitations to Plaintiff's obesity. *See Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004) ("Although his treating doctors noted that Forte was obese and should lose weight, none of them suggested his obesity imposed any additional work-related limitations." (citation

4

omitted)); *Davis v. Berryhill*, No. 4:16-CV-427-BP, slip op. at 6 (W.D. Mo. Jan. 27, 2017) ("To the extent that she argues the ALJ was required to provide further detail explaining precisely how Plaintiff's obesity affected the RFC, Plaintiff is incorrect.").

Plaintiff asserts that the ALJ improperly relied on his global assessment of functioning ("GAF") scores. The ALJ mentioned that Plaintiff's December 12, 2013, GAF score of 62, reflecting mild to moderate symptoms, was consistent with the results of his examination that day. R. at 21, 357-58. The ALJ also noted that Plaintiff's December 18, 2014, GAF score of 60 aligned with his examination findings of linear, logical, and goal-directed thoughts, intact memory, and fair insight and judgment. R. at 21, 418. The ALJ's consideration of Plaintiff's GAF scores in connection with his functioning during mental health treatment was not error. R. at 21; *see Halverson v. Astrue*, 600 F.3d 922, 930–31 (8th Cir. 2010) (citation omitted) ("While Halverson correctly states the Commissioner has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs,' the GAF scores may still be used to assist the ALJ in assessing the level of a claimant's functioning.").

Plaintiff believes that the ALJ was required to rely on a specific medical opinion to form Plaintiff's physical RFC. The Eighth Circuit has rejected that argument. *See Stallings v. Colvin*, Case No. 14-CV-03273-MDH, 2015 WL 1781407, at *3 (W.D. Mo. April 20, 2015) ("Eighth Circuit case law reveals that an ALJ can appropriately determine a claimant's RFC without a specific medical opinion so long as there is sufficient medical evidence in the record.") (citing *Tellez v. Barnhart*, 403 F.3d 953, 956-57 (8th Cir. 2005)); *Peterson v. Colvin*, No. 13-0329 CV W-ODS, 2013 WL 6237868, at *4 (W.D. Mo. Dec. 3, 2013) (calling claimant's argument "curious," and noting that "Plaintiff overstates the law by contending there must be medical evidence that precisely supports each component of the RFC." (citation omitted)).

5

Substantial evidence supports the ALJ's RFC.

## II. The ALJ's finding that Plaintiff could perform other work was not error.

The ALJ found that Plaintiff could not perform his past relevant work at step four of the sequential-evaluation process. Therefore, the burden shifted to the Commissioner at step five to show that the Plaintiff could perform other work existing in significant numbers in the national economy. R. at 22; *see* 20 C.F.C. §§ 404.1520(a)(4)(v). The ALJ questioned a vocational expert about a hypothetical claimant with Plaintiff's age, education, experience, and RFC. R. at 57-58. The expert testified that a hypothetical person with Plaintiff's limitations could work as a marketing clerk, shipping weigher, or routing clerk. R. at 58-59.

Plaintiff argues that the ALJ's hypothetical question was improper because it failed to include all of Dr. Isenberg's suggested limitations. *See generally Cox v. Astrue*, 495 F.3d 614, 620 (8th Cir. 2007) (finding that a vocational expert's response to a complete and correctly phrased hypothetical provides substantial evidence for the ALJ's conclusion at step five). The ALJ does not need to rely entirely on a particular physician's opinion. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("[T]he ALJ [was] not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." (citation omitted)). Accordingly, the "ALJ's hypothetical question need include only those impairments that the ALJ finds are substantially supported by the record as a whole." *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996) (citation omitted). The ALJ's hypothetical was not required to include all of Dr. Isenberg's suggested limitations because—as discussed—the ALJ did not find credible all of Dr. Isenberg's suggested limitations.

Plaintiff argues that the ALJ erred by including shipping weigher as other work that Plaintiff can perform. But Plaintiff did not object to the other two jobs offered by the vocational

expert: marketing clerk and routing clerk. These two jobs, which the vocational expert testified existed in over 252,000 positions nationally, fulfill the Commissioner's burden to produce evidence at step five. *See Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014) (holding that 330 jobs in a state were a sufficient number of jobs). "[T]he Eighth Circuit has expressly held that a VE's 'mistaken recommendation' can be harmless error where the VE has recommended other work that a claimant can perform with her RFC." *See Suter v. Berryhill*, 16-457-CV-NKL, 2017 WL 1476156, at *14 (W.D. Mo. April 25, 2017) (*citing Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014)). Even if the ALJ erred in relying on the shipping weigher position, the decision is still supported by substantial evidence because of the inclusion of marketing and routing clerk. *See id.* (affirming the ALJ where one of the jobs had a discrepancy with the DOT, but the remaining job existed in significant numbers in the national economy).

The ALJ's did not err in finding that Plaintiff could perform other work.

**Conclusion**

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   August 23, 2018                     /s/ Greg Kays
                                            GREG KAYS, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT